MR. JUSTICE GULBRANDSON,
concurring in part and dissenting in part:
I concur with that portion of the majority opinion affirming the property division, but I respectfully dissent to the remand for determination of a maintenance award in accordance with Sec 40-4-203, MCA, and to that portion of the opinion which modifies the ordered child support payment. I believe that the District Judge has complied with the provisions of Section 40-4-203, MCA, and prior decisions of this Court.
The majority opinion contains the statement that there is no evi *453 dence of wife’s actual earning capability and that, absent such evidence, the Carlson formula should not be applied.
In my view, the statements of the majority ignore the testimony of the wife that she had three and one-half years of college, six months of Montesorri training at London, England, and that she has sold her weavings in the past, and the testimony of the husband that wife is capable of earning at least a minimal wage in the amount of $300 per month. The wife made no effort to refute the testimony of husband that she could earn a minimal wage but testified that she would like to attend the University of Montana for three and one-half additional years before obtaining employment. The majority opinion quote from Carlson regarding “fathers refusing employment they don’t like,” should perhaps apply equally to mothers.
The District Court’s Findings of Fact contain the following:
“12. The wife testified that she needs maintenance in the amount of $535.00 per month in addition to child support. The Court determines that the wife is not in need of maintenance in addition to the property division hereinafter provided and, further, that the husband is not capable of paying any maintenance after he meets his own needs and the child support obligation. The wife is a healthy, employable woman in her mid-thirties. The house where she resides has been set aside to her in the division of the marital assets and the parties have represented to the Court that the mortgage due on the home has now been paid. The wife has received sufficient marital assets to assist in her readjustment following this dissolution and through prudent investment a portion of these assets will be income producing.
“13. The wife is able to provide for her own needs and will receive an adequate amount from the husband to meet the needs of the children when they reside primarily with her. Three of the four children are school age. The child support the wife receives is adequate to provide day care, babysitting or pre-school, among other things. The wife is capable of working outside the home.”
The District Court’s Conclusions of Law contain the following:
“5. No separate maintenance should be awarded to the wife.
“7. That the property division hereinbefore set forth in the Findings of Fact should be made in lieu of maintenance for the wife.” The majority opinion is silent regarding the District Court’s specific finding that “the husband is not capable of paying any maintenance after he meets his own needs and the child support obligation.” Husband’s testimony that, after paying $1000 per month child *454 support and paying for his own needs, he will be unable to make any maintenance payments without drawing against his capital assets clearly supports the Court’s finding.
I cannot concur in this Court’s remand for a maintenance award which obviously will have the effect of redetermining the property division which has now been approved by the majority and which was clearly awarded in lieu of maintenance.
I would affirm.